**EXHIBIT B**

04/06/2006 THU 09:57 FAX 2147472522    BROWN HOFMEISTER    ☒002

7/31/01

CAUSE NO. 219-1124-00

| | | |
|---|---|---|
| CITY OF MCKINNEY, TEXAS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| VS. | § § | COLLIN COUNTY, TEXAS |
| J. R. MARRIOTT, B.O. MARRIOTT, MARRIOTT BROTHERS, INC., CHEMICAL LIME, LTD., MARTIN MARIETTA MATERIALS SOUTHWEST LTD., AND TXI OPERATIONS, L.P., | § § § § § § § | |
| Defendants. | § | 219TH JUDICIAL DISTRICT |

## AGREED FINAL JUDGMENT

On the 30th day of July, 2001, came to be considered Plaintiff City of McKinney, Texas (the "City") and Defendants J. R. Marriott, B.O. Marriott, Marriott Brothers, Inc. (hereinafter collectively referred to as "Marriott Brothers"), Chemical Lime, Ltd. ("Chemical Lime"), Martin Marietta Materials Southwest, Ltd. ("Martin Marietta"), and TXI Operations, L.P. ("TXI"), seeking approval of this agreed judgment.

Based on the pleadings, argument of counsel, and the evidence taken at the September 13, 2000 hearing on Plaintiff's request for a temporary injunction, the Court hereby finds as follows:

1.  The site plan approved in 1996 for the 40.53-acre tract at 2105 South McDonald Street in McKinney, Texas, owned by the Marriott Brothers (the "Property") provided for temporary uses, and allowed under its terms no uses after March, 2000.

2.  Under the ordinances of the City of McKinney, the Planning and Zoning Commission is empowered to take one of three actions with regard to a site plan brought forward for its consideration: approval; approval with conditions; or denial.

AGREED FINAL JUDGMENT - Page 1


EXHIBIT A

04/06/2006 THU 09:57 FAX 2147472522       BROWN HOFMEISTER                    ☑003

3. The Planning and Zoning Commission action on February 22, 2000 with respect to the site plan application by Marriott Brothers in 2000, legally constituted approval of the application with conditions.

4. As Marriott Brothers did not seek further consideration by the City Council, it legally agreed to the conditions imposed, and the McKinney City Council was without jurisdiction to consider the application.

5. The parties have agreed that the details of the site plan approved by the Planning and Zoning Commission (the "Approved Site Plan") are accurately reflected in Exhibit "A" to this judgment, and Defendant Marriott Brothers has agreed to comply with those details.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the site plan application considered by the McKinney Planning and Zoning Commission on February 22, 2000 was approved by that Commission with the conditions so stated, and thus is the Approved Site Plan for the Property.

IT IS FURTHER ORDERED that Defendant Marriott Brothers comply with the details of the Approved Site Plan as reflected in Exhibit "A" to this judgment. Provided, however, that so long as Defendant Marriott Brothers remains in compliance with time frames for planning and constructing the improvements contained in Exhibit "A," Defendant Marriott Brothers shall be deemed to "comply" with the Approved Site Plan, and further provided that upon completion of the improvements described in Exhibit "A," the City shall issue a permanent Certificate of Occupancy for the Property.

All other relief sought by any party is hereby denied.

Costs are taxed against the party incurring same.

AGREED FINAL JUDGMENT - Page 2

04/06/2006 THU 09:57 FAX 2147472522    BROWN HOFMEISTER    @004

ORDERED this \_31\_ day of July, 2001.

_____
PRESIDING JUDGE

**AGREED FINAL JUDGMENT** - Page 3

AGREED TO in form and in substance:

_____   _____
Attorney for City of McKinney      Attorney for J. R. Marriott, B. O.
                                   Marriott, and Marriott Brothers, Inc.

_____   _____
Attorney for Martin Marietta Materials   Attorney for TXI Operations, Ltd.

_____
Attorney for Chemical Lime, Ltd.

G:\WP51\Ron\Marriott\Marriott-agreed judgment2.wpd

**AGREED FINAL JUDGMENT** - Page 4

04/06/2006 THU 09:58 FAX 2147472522     BROWN HOFMEISTER                    ☐006

Exhibit "A"

# DETAILS OF THE P&Z - "APPROVED" SITE PLAN

Paving: The site plan shall depict all areas to be in one of four categories: (1) structures; (2) irrigated landscaping; (3) asphalt or concrete pavement; (4) materials stockpiles. Only vehicles designed for loading or unloading stockpiled material will operate off of paved surfaces. The materials stockpiles are not precisely delineated; they shall be physically defined on the site plan drawing.

- A revised site plan clearly defining the stockpile dimensions shall be submitted to the Planning Department for review and approval no later than 75 days after entry of the final judgment.

Parking: The site plan provides for 33 standard parking spaces, and 24 double-sized truck parking spaces, for an equivalent of 81 spaces. A minimum of 71 spaces are required under the ordinances.

- Grading and drainage plans shall be submitted to the City Engineer no later than 75 days after entry of the final judgment.

- The required paving and parking shall be completed within 135 days of approval by staff of the plans and specifications.

Fire Lanes: The site plan requires the dedication of the fire lanes by an amended plat filed with the County Clerk, and the provision of adequate fire hydrants and water supply.

- The amended plat dedicating the fire lanes must be filed with the City within 75 days of the entry of the final judgment. The City will be responsible for filing the amended plat with the County.

- The plans for locations of the fire hydrants must be submitted to the Fire Marshall for approval no later than 30 days after the entry of the final judgment.

Access: The site plan requires the installation of an acceleration lane for southbound traffic on Highway 5, a deceleration lane for incoming traffic, and a left turn lane for incoming traffic from the North. Owner shall fund all required improvements.

- Owner will provide to TxDOT and the City of McKinney completed plans for the additional lanes on Highway 5 no later than 75 days after the date of the entry of the final judgment. After approval by TxDOT, Owner will construct and complete the access improvements within a reasonable time frame to be established by TxDOT.

Page 1 of 3

05/14/01 MON 11:20 [TX/RX NO 5873]

Landscaping and screening:

The site plan provides for a tree line along Highway 5 which is already in place, and an 8-foot berm along the southern border of the site adjacent to the mobile home park. The plan requires the applicant to establish ground cover of appropriate appearance sufficient to prevent erosion on both sides of the berm. In addition, screening requirements must be met prior to the issuance of a certificate of occupancy. Section 41-105(3)(c) of the Comprehensive Zoning Ordinance requires that all outdoor storage of materials be screened from view from the street, and may not be stacked higher than one foot below the top of the screening fence. Section 41-105(2)(c) provides that openings in the screening fence shall be equipped with gates equal in height and screening to the rest of the fence. For safety purposes, the gate should be far enough from the street to allow a 18-wheel tractor-trailer combination to pull up to a closed gate and completely clear the right-of-way.

- The ground cover shall be established on both sides of the berm by 75 days after entry of the final judgment. Irrigation shall be sufficient to establish and maintain the ground cover. Should ground cover not requiring permanent irrigation be used, temporary irrigation maintained for a sufficient time to establish the ground cover may be used.

- Dead trees that are part of the landscaping plan along Highway 5 shall be replaced with live trees by 75 days after entry of the final judgment.

- The final landscape plan, including irrigation, must be submitted to the City Planner no later than 75 days after the entry of the final judgment.

- The existing fence located along the north and west boundaries of the property, when landscaped in accordance with the landscape plan, shall satisfy the perimeter screening requirement (the "Required Screening"). The Required Screening may be supplemented with interior screening devices (including, but not limited to, fencing of compatible materials, landscaping and berms) in such locations and utilizing such materials as the landowner may determine in order to further screen the outdoor storage of materials from view of the adjacent street.

- Installation of gates shall be completed no later than 135 days after approval by staff of the plans and specifications.

Utilities:   The permanent improvements must be serviced by gravity sanitary sewer facilities.

- Utility construction plans must be submitted to the City Engineer within

Page 2 of 3

05/24/01  MON 11:20  [TX/RX NO 5873]

        75 days after entry of the final judgment.

- The sanitary sewer facility shall be installed no later than 135 days after approval by staff of the plans and specifications.

**Garbage Container:**

The owner shall provide a garbage container on site, subject to the screening requirements of Section 41-015(3)(d).

- The garbage container shall be on site, and approval from the Sanitation Coordinator requested, no later than 60 days after entry of the final judgment.

**Concrete Rubble:**

The piles of concrete rubble on the site are not approved stockpiles on the site plan. They shall be removed from the site. The approved process for removing the material is that it will be crushed into a "marketable base material" approximately ½ - ¼ -inch in size. The crushing operation will be set up at least 400 feet from any property line, and shall be, to the extent possible, screened from the adjacent residents on the south by the existing screening berm, and by the resulting piles of crushed material.

- The crushing operation shall be completed within 120 days of the entry of the judgment. The marketable base material will be either used on site or removed from the site no later than 365 days after completion of the crushing, unless a new site plan is approved by the City Council allowing the marketable base materials storage use on the property.

**Interim Use:** So long as Owner meets the requirements of this timetable and checklist, continued use of the property is permitted.

**Other requirements:**

Owner shall be responsible for compliance with all other standards, requirements, permits, and fees for development otherwise applicable. Omission of any such requirement from this checklist does not constitute exemption from any such requirement.

G:\WP51\Rew\Marion\Marion-site plan outline1.wpd

Page 3 of 3

05/14/01 MON 11:20 [TX/RX NO 587A]



