**EXHIBIT X**

```
║║║║║║║║║║║║║║║║║║║║║║║║║║║║║║║║║║║║  03/11/2016 01:46:43 PM AG  1/9
20160311000293560
```

AFTER RECORDING, RETURN TO:
City Secretary
City of McKinney
P.O. Box 517
222 N. Tennessee Street
McKinney, Texas 75069

| STATE OF TEXAS | § | |
|---|---|---|
| | § | DEVELOPMENT AGREEMENT |
| COUNTY OF COLLIN | § | |

This Annexation Agreement ("Agreement") is made and entered into as of this <u>11</u> day of <u>January</u>, 2016, ("Effective Date") by and between the City of McKinney, Texas, ("City") and <u>Mabel Lois Etal Rutledge</u> (hereinafter referred to as "Owner," whether one or more) on the terms and conditions hereinafter set forth.

**WHEREAS**, Owner owns approximately <u>39</u> acres, more or less, situated in the <u>R H LOCKE</u> Survey, Abstract No. <u>A0517</u>, Collin County, Texas, as is more particularly described in Exhibit "A," attached hereto and incorporated herein for all purposes allowed by law ("Property"); and

**WHEREAS**, the City desires to involuntarily annex certain lands including the Property; and

**WHEREAS**, the Owner objects to involuntary annexation by the City and desires to have the Property remain in the City's extraterritorial jurisdiction as well as retain the agricultural, wildlife management or timber land ad valorem tax exemption status on a certain portion thereof, in consideration for which the Owner agrees to enter into this Agreement; and

**WHEREAS**, the Owner's above-recited objection to involuntary annexation by the City shall not be construed as: (1) satisfying the requirements of filing a written protest under Chapter 43 of the Texas Local Government Code, including but not limited to Section 43.063(b); or (2) negating or having any effect on the Property being deemed to be voluntarily annexed if same should occur pursuant to Section 3 or Section 5 of this Agreement; and

**WHEREAS**, the City does not make any guarantee as to the Property retaining any specific tax status or classification, whether agriculture, wildlife management, timber land or otherwise, as such tax classifications are determined by the Central Appraisal District of Collin County and not by the City; and

**WHEREAS**, this Agreement is entered into pursuant to Sections 43.035 and 212.172 of the Texas Local Government Code, in order to address the desires of the Owner and the procedures of the City; and

Annexation Agreement
Mabel Lois Etal Rutledge                                                                                           Page 1

**WHEREAS,** the Owner and the City acknowledge that this Agreement is binding upon the City and the Owner and their respective successors and assigns for the Full Term (as defined in Section 6 of this Agreement); and

**WHEREAS,** this Development Agreement is to be recorded in the Real Property Records of Collin County;

**NOW, THEREFORE,** in consideration of the mutual benefits and premises contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the City and Owner agree as follows:

1. <u>Land Subject to Agreement</u>. The land that is subject to this Agreement is the Property. Owner represents that it is the sole owner of the Property.

2. <u>Continuation of Extraterritorial Status</u>. The City guarantees and agrees to the continuation of the extraterritorial status of the Owner's Property, its immunity from annexation by the City, and its immunity from City property taxes, for the term of this Agreement, subject to the provisions of this Agreement. Except as specifically provided in this Agreement, the City agrees not to annex the Property, agrees not to involuntarily institute proceedings to annex the Property, and further agrees not to include the Property in a statutory annexation plan for the Term of this Agreement.

3. <u>Owner's Obligations to Maintain Extraterritorial Status</u>. The Owner covenants and agrees not to use the Property for any use other than for agriculture, including the raising of livestock and crops, wildlife management, and/or timber land consistent with Chapter 23 of the Texas Tax Code, without the prior written consent of the City.

The Owner further covenants and agrees that the Owner will not file any type of subdivision plat or related development document for the Property with Collin County or the City until the Property has been annexed into, and zoned by, the City.

The Owner covenants and agrees not to construct, or allow to be constructed, any buildings on the Property that would require a building permit if the Property were in the City's corporate limits, until the Property has been annexed into, and zoned by, the City unless such construction is otherwise allowed in an AG-Agricultural District zone within the City save and except to the extent that the construction of such building(s) terminates or invalidates the agricultural, wildlife management, or timber land ad valorem tax exemption applicable to the Property. Owner agrees to obtain permits and inspections from the City, and pay all related fees therefore, when constructing or allowing the construction, on the Property, of buildings that are otherwise allowed in an AG-Agricultural District zone within the City and which buildings do not terminate or invalidate the agricultural, wildlife management, or timber land ad valorem tax exemption applicable to the Property. The Owner also covenants and agrees that the City's AG-Agricultural

District zoning requirements, as such requirements may be amended, apply to the Property; and, that the Property shall be used only for AG- Agricultural District zoning uses that exist on that Property at the time of the execution of this Agreement, unless otherwise provided in this Agreement. However, the Owner may construct an accessory structure to an existing single-family dwelling in compliance with all applicable City ordinances and codes.

The Owner acknowledges that each and every owner of the Property must sign this Agreement in order for the Agreement to take full effect, and **the Owner who signs this Agreement covenants and agrees, jointly and severally, to indemnify, hold harmless, and defend the City against any and all legal claims, by any person claiming an ownership interest in the Property who has not signed the Agreement, arising in any way from the City's reliance on this Agreement.**

4. <u>City Regulation of Use and Development</u>. Pursuant to Sections 43.035(b)(1)(B) of the Texas Local Government Code, the City is authorized to enforce all of the City's regulations and planning authority that do not materially interfere with the use of the Property for agriculture, wildlife management, or timber, in the same manner the regulations are enforced within the City's corporate limits. The use and development of the Property before and after annexation shall conform to the uses, space limitations, density, layout, permitting requirements (including but not limited to submittal of site plans and plats) and development standards (including but not limited to architectural and site standards requirements, parking standards and landscaping standards) set forth by the ordinances of the City (including but not limited to the Comprehensive Zoning Ordinance and the Subdivision Regulations), as they presently exist or may be amended. Prior to annexation, the Property shall be developed as if it has been designated with agricultural zoning. The City states and specifically reserves its authority pursuant to Chapter 251 of the Texas Local Government Code to exercise eminent domain over property that is subject to a Chapter 43 and/or Chapter 212 development agreement.

5. <u>Annexation and Zoning</u>. The City will not annex the Property, unless requested to do so by Owner, during the term of this Agreement, provided that Owner complies with the terms and conditions of this Agreement. The parties agree that the City, in its sole discretion, shall determine whether Owner is in compliance with the Agreement and whether it will approve annexation of the Property. Simultaneously with the termination of this Agreement, the City and Owner agree that the City may, in its sole discretion, initiate annexation proceedings for the Property (the "Annexation").

6. <u>Term</u>. This Agreement is an agreement authorized by Section 212.172 of the Texas Local Government Code. This Agreement is effective as of the date that both the City and the Owner have duly approved, executed and delivered this Agreement. The initial term of this Agreement (the "Initial Term") is five (5) years from the effective date. Upon expiration of the Initial Term, this Agreement shall automatically renew for up to one (1) additional extension term of five (5) years unless — at least 120 days prior to the expiration of the Initial Term or any extension term — the City or Owner provides written

notice as set forth in Section 8 of this Agreement that either party intends to terminate the Agreement upon expiration of the Initial Term or any extension thereof, as applicable. The "Full Term" of this Agreement is defined as the period beginning on the effective date and ending on the date that this Agreement terminates. The term of this Agreement shall not be affected by the fact that some or all of the Property is annexed into the corporate limits of the City.

The Owner, and all of the Owner's heirs, successors and assigns, shall be deemed to have filed a petition for voluntary annexation far enough in advance of the end of the Full Term, to allow for annexation of the Property, or any portion thereof, to be completed on or after the end of the Term. The Owner agrees that any such annexation shall be conclusively presumed to have been adopted with the consent of all appropriate and necessary persons and entities as though a petition for annexation had been duly tendered by all of the owners of the Property. The City may initiate procedures in preparation for such an annexation of all or a portion of the Property under this Section 6 before the expiration of this Agreement, provided, however, that the City may not annex any part of the Property under this Section 6 before the expiration of this Agreement. Further, as an express condition to City's right to annex the Property or any portion thereof under this Section 6, the City must first approve a service plan to provide full municipal services to any portion of the Property annexed in the manner set forth in Section 43.056(b), (c), (e), (f), and (g) of the Texas Local Government Code, as such provisions exist as of the effective date of this Agreement.

If annexation proceedings begin pursuant to this Section 6, the Owner acknowledges that this Agreement serves as an exception to Local Government Code Section 43.052, requiring a municipality to use certain statutory procedures under an annexation plan and the Owner further agrees that the Owner will not in any manner contest any annexation of the Property or any portion thereof initiated by the City under this Section 6 or any annexation of the Property or any portion thereof otherwise completed by the City after the Full Term. In connection with annexation pursuant to this section, the Owner hereby waives any vested rights they may have under Section 43.002(a)(2) and Chapter 245 of the Texas Local Government Code that would otherwise exist by virtue of any plat or construction any of the owners may initiate during the time between the expiration of this Agreement and the institution of annexation proceedings by the City.

7. Default. If any party breaches any of the terms of this Agreement, then that party shall be in default ("Defaulting Party") of this Agreement ("Event of Default"). If an Event of Default occurs, the non-defaulting party shall give the Defaulting Party written notice of such Event of Default, and if the Defaulting Party has not cured such Event of Default within thirty (30) days of said written notice, this Agreement is breached. Each party is entitled to all remedies available to it at law or in equity.

The Owner acknowledges that if any plat or related development document is filed in violation of this Agreement or if the Owner commences development of the Property in

Annexation Agreement
Mabel Lois Etal Rutledge                                                                                                        Page 4

violation of this Agreement, then any provision of this Agreement that restricts or otherwise limits the City's ability to annex the Property or any portion thereof is void. Upon such an occurrence, in addition to the City's other remedies, such act shall constitute a petition for voluntary annexation by the Owner and the Property will be subject to annexation at the discretion of the City Council. The Owner, and all of the Owner's heirs, successors and assigns, agrees that such annexation shall be conclusively presumed voluntary and the Owner hereby consents to such annexation as though a petition for such annexation had been tendered by the Owner with the consent of all appropriate and necessary persons and entities. If annexation proceedings begin pursuant to this Section, the Owner acknowledges that this Agreement serves as an exception to Local Government Code Section 43.052, requiring a municipality to use certain statutory procedures under an annexation plan. However, as an express condition to City's right to annex the Property, the City must approve a service plan to provide full municipal services to any portion of the Property annexed in the manner set forth in Section 43.056(b), (c), (e), (f), and (g) of the Texas Local Government Code, as such provisions exist as of the effective date of this Agreement. The Owner further agrees that the Owner will not in any manner contest any annexation of the Property or any portion thereof initiated by the City under this Section 7 or any annexation of the Property or any portion thereof completed by the City after the conclusion of the full term of this Agreement. Furthermore, the Owner hereby waives any and all vested rights and claims that they may have under Section 43.002(a)(2) and Chapter 245 of the Texas Local Government Code that would otherwise exist by virtue of any actions Owner has taken in violation of Section 3 herein and this Section 7.

8. Notice. Any notice required or permitted to be delivered hereunder shall be deemed to be delivered, whether or not actually received, when deposited in the United States Mail, postage pre-paid, certified mail, return receipt requested, addressed to either party, as the case may be, at the addresses contained below:

    City:        City of McKinney
                P.O. Box 517
                222 N. Tennessee Street
                McKinney, Texas 75069
                Attn: City Manager

    With copy to:    Mark S. Houser, City Attorney
                Brown & Hofmeister, L.L.P.
                740 E. Campbell Road
                Suite 800
                Richardson, Texas 75081

Owner: Ms. Mabel Lois Etal Rutledge
1825 FM 546
MCKINNEY, TX 75069-1320

9. Miscellaneous.

(a) Agreement Runs With the Property. This Agreement shall run with the Property and shall be binding on and inure to the benefit of the Owner's successors and assigns.

(b) Entire Agreement. This Agreement contains the entire agreement of the parties with respect to the matters contained herein and may not be modified or terminated except upon the mutual written agreement of the parties hereto.

(c) Venue. This Agreement shall be construed in accordance with the laws of the State of Texas and shall be performable in Collin County, Texas. Exclusive venue shall be in Collin County, Texas.

(d) Binding Effect. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors and assigns.

(e) Savings/Severability. In case any one or more of the provisions contained in this Agreement shall for any reason be held by a court of competent jurisdiction to be invalid illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision thereof, and this Agreement shall be construed as if such invalid illegal or unenforceable provision had never been contained herein.

(f) Subsequent Statutory Changes. Unless specifically citing its retroactive effect, no subsequent change in the law regarding annexation shall affect the enforceability of this Agreement or the City's ability to annex the properties covered herein pursuant to the terms of this Agreement.

(g) No Chapter 245 Permit. Pursuant to Section 43.035(e) of the Texas Local Government Code this Agreement, and any requirement contained in this Agreement, shall not constitute a "permit" as defined in Chapter 245 of the Texas Local Government Code. **THIS PARAGRAPH SHALL SURVIVE THE TERMINATION OF THIS AGREEMENT.**

**IN WITNESS WHEREOF**, the parties have executed this Agreement and caused this Agreement to be effective on the latest date as reflected by the signatures below.

CITY OF McKINNEY

By: _____
TOM MUEHLENBECK
Interim City Manager

Date Signed: 3/7/16

ATTEST:

*Denise Vice*
SANDY HART, TRMC, MMC
City Secretary
DENISE VICE
Assistant City Secretary

OWNERS:

By: _____
**Mabel Lois Etal Rutledge**
Date Signed: 1/11/16

By: _____
Date Signed: _____

THE STATE OF TEXAS §
COUNTY OF COLLIN §

BEFORE ME, the undersigned authority, in and for said County, Texas, on this day personally appeared **TOM MUEHLENBECK**, Interim City Manager of the City of McKinney, a Texas Municipal Corporation, known to me to be the person who's name is subscribed to the foregoing instrument, and acknowledged to me that he has executed the same on CITY's behalf.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, THIS THE ___7th___

Annexation Agreement
Mabel Lois Etal Rutledge                                                                 Page 7

DAY OF _March_, 20_18_.

```
                                    ___Amy Jeter_____
    [SEAL: AMY JETER                 Notary Public __Collin__ County, Texas
     Notary Public                   My commission expires __2018__
     STATE OF TEXAS
     My Comm. Exp. June 13, 2018]
```

THE STATE OF TEXAS,
COUNTY OF __Collin__

This instrument was acknowledged before me on this day by __Mabel Heifner Rutledge__ known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes set forth therein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, THIS THE __11th__ DAY OF __January__, 20_16_.

```
    [SEAL: DANA L STILLWELL           ___Dana L. Stillwell_____
     Notary Public                    Notary Public __Collin__ County, Texas
     STATE OF TEXAS                   My commission expires __April 12, 2018__
     My Comm. Exp. April 12, 2018]
```

THE STATE OF TEXAS,
COUNTY OF _____

This instrument was acknowledged before me on this day by _____, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes set forth therein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, THIS THE _____ DAY OF _____, 20_____.

Notary Public _____ County, Texas
My commission expires _____

[Section crossed out with large X]

# Exhibit "A"
## Description and Depiction of Property

Situated in Collin County, Texas, on the waters of East Fork in the R H Locke survey abstract No. 517 about 4 miles S E from the City of McKinney and a part of a tract of 125 acres conveyed by Stanley Quisenberry to L A Scott, beginning at the northwest corner of an 85 acre tract conveyed to L A Scott by R H Johnson on the west line of the Locke survey a point in branch from which a Spanish Oak 10 in in dia marked X brs N 35 deg East 10 links - - -Thence East 50 chains to Johnsons N E Corner a stake from which an elm 15 in in dia marked X brs N 65 links - - -Thence north 8 chains a stake the N E corner of said 125 acre tract - - - Thence west 50 chains to a stake on the west line of said Locke survey - - - Thence south 8 chains to the place of beginning containing 40 acres of land, being the same land conveyed to T W Noblitt by L A Scott and wife October 30 1897 and recorded in Book 81 page 4 & 5 of the Collin County Deed Records, which said deed is here now referred to for full description.

Filed and Recorded
Official Public Records
Stacey Kemp, County Clerk
Collin County, TEXAS
03/11/2016 01:46:43 PM
$58.00 DFOSTER
20160311000293560

