IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TXI OPERATIONS, LP, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-00353 |
| | § | |
| CITY OF McKINNEY, TEXAS, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| TXI OPERATIONS, LP, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-609 |
| | § | |
| CITY OF MCKINNEY, TEXAS and the | § | |
| BOARD OF ADJUSTMENT FOR THE | § | |
| CITY OF MCKINNEY, TEXAS | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF TXI OPERATIONS, LP'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO FILE CONSOLIDATED AMENDED COMPLAINT**

Plaintiff TXI Operations, LP ("TXI" or "Plaintiff") files this Reply in Support of its Motion

for Leave to File Consolidated Amended Complaint (the "Motion") against Defendants City of

McKinney, Texas and Board of Adjustment for City of McKinney, Texas ("Defendants"), and

would respectfully show the Court as follows:

**1.**

**INTRODUCTION**

Defendants misapply the Rule 15(a)(2) standard for evaluating a timely filed motion for

leave to amend and do not meet any standard for successfully opposing it.

Instead, in the name of a response to TXI's motion for leave, Defendants filed a motion to sever the new cause of action in the proposed amended complaint. Defendants' severance request is not properly before the Court and should therefore be ignored. If a severance somehow becomes appropriate someday, there will be time then to address it. There is no reason now, however, to create two cases where one suffices.

## 2.

## ARGUMENTS AND AUTHORITIES

### 3.1. Defendants Misapply the Motion for Leave Standard.

Defendants argue that TXI's Motion for Leave should be denied because (1) the new claims are "wholly unrelated to the existing lawsuit," (2) it will create undue delay, and (3) it will prejudice them. Dkt. 44, at ECF pp. 4-6. None of those reasons are supported by the facts or support denial of TXI's timely filed motion, especially when considering that the rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005).

Under Rule 15, there are five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). Notably, claims not being sufficiently related to those already asserted is not a factor courts should apply when considering whether to grant leave to amend. Defendants' arguments with respect to that point should have no bearing on the Court's analysis.

Turning to the actual factors, Defendants first argue that TXI "will create undue delay" if its amendment is allowed. Dkt. 44 at ECF 4. But that is not the inquiry either. Instead, it is

whether TXI unduly delayed in seeking to amend, not whether the amendment itself will somehow *create* delay. *See e.g. Avialae S De RL De CV v. Cummins, Inc.*, No. 19-cv-380, 2020 WL 7488177, *5 (W.D. Tex. Aug. 24, 2020) (denying leave to amend because of plaintiff's untimely actions in lawsuit including its attempt to amend five months after close of pleadings). Here, and in contrast to *Avialae*, TXI has not delayed in seeking an amendment, as the facts forming the basis of the new cause of action only recently occurred and the Court's deadline to amend had not passed.

Nor can Defendants show prejudice. The only potential prejudice to which Defendants point is that the new cause of action will require additional discovery that the existing scheduling order did not contemplate. Dkt. 44 at ECF 5. A review of the Scheduling Order confirms that is not accurate. The Court established a November 5, 2021 amended pleading deadline for TXI followed by a May 6, 2022 discovery deadline. Dkt. 41 at ECF pp. 1-2. The Scheduling Order therefore specifically contemplates new and additional discovery might be needed after the parties amended their pleadings, giving them an additional six months to complete it. To that point, the parties have yet to take a single deposition and additional written discovery is necessary regardless.

Defendants have thus failed to carry their burden to demonstrate prejudice or any other basis to deny TXI's Motion for Leave. *See Geico Marine Ins. Comp. v. Keating*, No. 4:20-cv-00566, 2021 WL 2827492, *2 (E.D. Tex. May 11, 2021) (granting motion for leave filed before expiration of deadline to file amended pleadings and finding no prejudice because it "is clear based upon the Parties' pleadings that discovery remains ongoing, and a facial review of the existing scheduling order reflects the deadlines for discovery and dispositive motions have not yet passed, nor will they for another month and a half.").

As a result, TXI's Motion for Leave should be granted.

**PLAINTIFF TXI OPERATIONS, LP'S REPLY IN SUPPORT OF ITS**
**MOTION FOR LEAVE TO FILE CONSOLIDATED AMENDED COMPLAINT** – PAGE 3

**3.2.     Defendants Improperly Seek To Sever TXI's New Cause of Action.**

Defendants' response is largely an argument to sever TXI's additional claims.  Defendants should have filed that motion separately after the Court rules on TXI's motion for leave.  Had Defendants followed the procedure the Local Rules require, they would have first conferred with Plaintiff's counsel, and failing agreement would have been required to file a motion to sever, to which Plaintiff could have filed a response, instead of addressing within this reply.  For those reasons alone, the Court should grant the Motion for Leave and deny Defendants' severance request.[1]

A review of the merits also demonstrates that Defendants' severance request should be denied.  Defendants spend pages trying to convince the Court that a severance is warranted because it involves new claims that are "wholly separate" and because "different documents, statutes, and ordinances will be applicable, and new witnesses will need to be called." Dkt. 44 at ECF pp. 8-9.

Yet Defendants acknowledge that the Federal Rules of Civil Procedure entitle TXI to "assert as many claims as it has against [them]." *Id*. at ECF 6.   That is precisely what TXI seeks to do.  TXI's additional claim is just the most recent chapter in the saga set out in its original complaint. The central component of TXI's allegations against Defendants in this consolidated proceeding arises from their unlawful actions depriving TXI of its various contractual, constitutional, and property rights to prevent TXI from operating a concrete batch plant within the City or its extraterritorial jurisdiction. The development agreement is a necessary part of that story: the City now attempts to prevent TXI from building a new concrete batch plant on a new parcel of property through enforcement of a development agreement that does not comply with Texas law and is unenforceable.  Importantly, much of the development agreement cause of action will

---

[1] To the extent the Court is considering Defendants' severance request, TXI asks that it be given an opportunity to file a response brief on that issue instead of having to respond in a truncated reply brief.

**PLAINTIFF TXI OPERATIONS, LP'S REPLY IN SUPPORT OF ITS**
**MOTION FOR LEAVE TO FILE CONSOLIDATED AMENDED COMPLAINT – PAGE 4**

require the same proof as the other claims already contained within this consolidated lawsuit. TXI's proposed amended complaint simply seeks to include the City's new conduct in the parties' ongoing dispute because it arises out of the same set of facts, involves common questions of law and fact, and would help to facilitate judicial economy.  There is no question that had TXI included its development agreement cause of action in its original complaint it would not be subject to severance.  The same should hold true here.

At bottom, when this case is tried, the jurors will be presented with a laundry list of the City's illegal and improper actions taken over the course of several years in opposition to TXI's concrete batch plant operations.  The development agreement cause of action is the most recent part of that story and TXI should be allowed to (1) amend to include that claim and (2) maintain that claim within this consolidated proceeding.

**4.**

**<u>PRAYER</u>**

For the foregoing reasons, Plaintiff TXI Operations, LP respectfully prays that the Court grant it leave to file the Consolidated Amended Complaint and deny Defendants' severance request.

Respectfully submitted,

JACKSON WALKER LLP

*/s/ Brian H. Oates*
Mark T. Josephs
Texas State Bar No. 11031400
mjosephs@jw.com
Brian H. Oates
Texas State Bar No. 24088144
boates@jw.com
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000 – Phone
(214) 953-5822 – Fax

David Folsom
Texas State Bar No. 7210800
dfolsom@jw.com
6002 Summerfield Drive, Suite B
Texarkana, Texas 75503
(903) 255-3251 – Phone
(903) 255-3266 – Fax

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2021, I caused a copy of the foregoing pleading to be served upon counsel of record for all parties vial the Court's ECF system.

*/s/ Brian H. Oates*
Brian H. Oates