# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| TXI OPERATIONS, LP, § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO.  4:20-CV-00353 |
| CITY OF MCKINNEY, TEXAS, § | JUDGE MAZZANT |
| *Defendant.* § | |
| § | |
| TXI OPERATIONS, LP, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION. 4:20-CV-609 |
| § | JUDGE MAZZANT |
| CITY OF MCKINNEY, TEXAS, and the § | |
| BOARD OF ADJUSTMENT FOR THE § | |
| CITY OF MCKINNEY, TEXAS § | |
| *Defendants.* § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff TXI Operations, LP's Motion for Leave to File Consolidated Amended Complaint (Dkt. #42).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED**.

### BACKGROUND

This case is a consolidation of two previously filed lawsuits.  On April 27, 2020, Plaintiff TXI Operations, LP ("TXI") filed the first lawsuit against the City of McKinney, Texas challenging the City's rezoning and enforcement actions against TXI's concrete plant (Dkt. #1) (Case No. 4:20-cv-353).  On August 7, 2020, TXI filed the second lawsuit against the City of McKinney, Texas and the Board of Adjustment of the City of McKinney (collectively the "City") challenging the City's actions taken in connection with amortizing TXI's purported non-conforming use of its plant (Dkt. #1) (Case No. 4:20-cv-609).  Thereafter, the parties filed an

Agreed Motion to Consolidate, and the two cases were consolidated on November 10, 2020 (Dkt. #10). On January 13, 2021, a Consolidated Scheduling Order was entered pursuant to the parties' request (Dkt. #35).

In April 2021, the parties requested, and the Court granted, a stay of the case to allow for settlement negotiations between the parties (Dkt. #37). After settlement discussions were unsuccessful, the Court lifted the stay and entered a new, amended Scheduling Order (the "Scheduling Order") to govern the consolidated lawsuit moving forward (Dkt. #41). The Scheduling Order established a November 5, 2021 deadline for TXI to file any amended pleadings (Dkt. #41).

On November 5, 2021, TXI filed the present motion (Dkt. #42). On November 19, 2021, the City filed a response (Dkt. #44). On November 26, 2021, TXI filed a reply (Dkt. #45).

## LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See id.* Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so

requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)) (stating, "a party seeking leave to amend its pleadings after a deadline has passed must demonstrate good cause for needing an extension."). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110

F.3d 253, 257 (5th Cir. 1997)).  Only after the movant demonstrates good cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id.*

## ANALYSIS

TXI seeks to leave to file a consolidated amended complaint (Dkt. #42).  TXI states the amended complaint will combine the allegations and causes of action from the two lawsuits into one governing complaint (Dkt. #42 at pp. 1–2).  Additionally, TXI alleges that the consolidated amended complaint "will allow TXI to address additional facts that have developed since TXI filed its two lawsuits" (Dkt. #42 at p. 2).  In particular, TXI seeks to add an additional cause of action based on a new, "backup" property that TXI purchased in January of 2021 in response to the City's enforcement actions (Dkt. 43 at p. 16).  The new property is purportedly subject to a non-annexation development agreement between the City and the prior owner of the property that TXI alleges is void and unenforceable (Dkt. #43 at p. 17).

The City does not oppose the amendment as it relates to TXI's consolidation of the two lawsuits into one governing complaint (Dkt. #44 at p. 2).  However, the City opposes the inclusion of the additional facts relating to the new property and the development agreement—and thus objects to paragraphs 4.51–4.5.8, 5.6.3, 5.9.1, section 7(i), and Exhibit X of the consolidated amended complaint (Dkt. #44 at p. 2).  The City argues that TXI's addition of the new information will cause undue delay and prejudice to the City (Dkt. #44 at p. 3).  Alternatively, the City argues that if the Court grants leave, then the Court should also sever the new claims (Dkt. #44 at p. 6).

Because TXI moved to amend before the deadline set forth in the Scheduling Order, the Court applies the Fifth Circuit's analysis under Rule 15(a).  The Court considers the five factors in turn.

### 1. Undue Delay

With respect to the first factor, the Court finds there was no undue delay by TXI. In the Fifth Circuit, "there is a presumption of timeliness if the movant files its motion to amend by the court-ordered deadline." *Am. Legend Homes v. Navigators Specialty Ins. Co.*, No. 4:19-cv-00035, 2019 WL 5721634, at *5 (E.D. Tex. 2019). Here, TXI filed its motion for leave to amend by the court-ordered deadline (Dkt. #42). Further, while the City argues that adding new claims "will create undue delay," (Dkt. #44 at p. 4), TXI correctly points out that the appropriate inquiry under this factor is whether there was an undue delay by the party seeking to amend, not whether the amendment itself will create delay. *See OnPoint Sys., LLC v. Protect Animals with Satellites, LLC*, No. 4:20-cv-657, 2021 WL 3140562, at *2 (E.D. Tex. July 26, 2021) (examining the reasons a party waited to move for leave). Moreover, given that the additional facts TXI seeks to add stem from events occurring several months after the two lawsuits were filed and this case was stayed for several months pending settlement discussions, these facts also suggest no undue delay. Thus, the Court finds that the first factor weighs in favor of granting leave to amend.

### 2. Bad Faith or Dilatory Motive

As for the second factor, the Court finds TXI did not act in bad faith or with dilatory motive in filings its motion for leave. While the City does not explicitly address this factor, it suggests TXI seeks to include the new factual allegations in the instant case to "confuse the jury" (Dkt. #44 at p. 6). But there is no evidence of bad faith or dilatory motive on TXI's party. *See Williams v. City of Denton*, No. 4:17-cv-00811, 2020 WL 1158610, at *4 (E.D. Tex. 2020) (finding this factor weighs in favor of granting leave where no evidence of bad faith or dilatory motive existed in the record). The Court thus finds the second factor weighs in favor of granting leave to amend.

### 3. Repeated Failure to Cure Deficiencies by Previous Amendments

Third, the Court finds TXI did not fail to cure deficiencies by previous amendments. TXI amended the first lawsuit on one prior occasion, but has not amended the second lawsuit or filed any consolidated complaint (Dkt. #42 at p. 4). Thus, this is TXI's first request for leave to amend in both the second lawsuit and the consolidated action. Further, the consolidated amended complaint accounts for factual developments that occurred after the two lawsuits were filed. Thus, TXI could not have included the information earlier. Accordingly, the Court finds the third factor weighs in favor of granting leave to amend.

### 4. Undue Prejudice to the Opposing Party

Fourth, the Court finds that the City will not be unduly prejudiced by the amendment. The City argues that if the Court grants TXI leave to amend, then it will be unfairly prejudiced because the new information will confuse the jury and will involve additional discovery (Dkt. #44 at p. 5). But the Court finds that the City overstates the extent of any prejudice that will occur. First, although the City argues that the amendment will confuse the jury because it relates to a different piece of property than the original lawsuits, the Court is confident that the risk of jury confusion can be avoided by careful and clear jury instructions. *See 5860-5888 Westheimer Ltd., v. Orvis Houston Inc.*, No. H-08-1327, 2008 WL 5045910, at *2 (S.D. Tex. Nov. 24, 2008). Second, while the inclusion of the new information will certainly require additional discovery, the current Scheduling Order contemplates this (*See* Dkt. #41). Indeed, as the amended pleading deadline was November 5, 2021 and the discovery deadline is not until May 6, 2022, the Scheduling Order presupposes that additional discovery might be needed after the parties amend their pleadings and gives the parties six months to complete it (Dkt. #41). Further, the case it still in its beginning stages. There has been a single motion to dismiss, and the parties have yet to take a single

deposition. *See KaZee, Inc. v. Raimer*, No. 4:19-cv-00031, 2020 WL 6382631, at *3 (E.D. Tex. Oct. 30. 2020) (finding "little, if any," prejudice where leave to amend was sought after a single motion to dismiss, no amendment to the pleadings, and some discovery ordered with respect to preliminary injunction hearing). Consequently, the Court finds that the City would not experience any undue prejudice. This factor favors granting leave to amend.

### 5. Futility of Amendment

Finally, the Court finds the amendment is not futile. According to the Fifth Circuit, futility under Rule 15 means "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). In determining futility, courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. Here, the City does not argue that the amendment would be futile. Nevertheless, the Court finds that considering the facts in the light most favorable to the plaintiff, TXI's amendment is not futile (*See* Dkt. #43 at p. 16–20, 24, 26). Thus, this factor also weighs in favor of granting TXI leave to amend its complaint.

In sum, the Court finds that all five of the factors under Rule 15(a) weigh in favor of granting TXI's motion for leave to file a consolidated amended complaint. The Court does not consider the City's severance request to be proper at this time, and thus does not address it.

### CONCLUSION

It is therefore **ORDERED** that Plaintiff TXI Operations, LP's Motion for Leave to File Consolidated Amended Complaint (Dkt. #42) is hereby **GRANTED**, and TXI's Consolidated Amended Complaint (Dkt. #43) is deemed filed**.**

    **IT IS SO ORDERED.**
    SIGNED this 9th day of December, 2021.

7

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE